IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
     v.                          )     Case No. 07-10199-WEB
                                 )              10-1171
MARTIN GALINDO,                  )
                                 )
            Defendant.           )

MEMORANDUM AND ORDER

This matter comes before the court on Martin Galindo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 38), and a Motion for Leave to Proceed in forma pauperis (Doc. 39).

I.  History of the case

Galindo was indicted on numerous drug distribution charges and numerous firearm charges. Galindo entered into a plea agreement, and pleaded guilty to count 1, possession with the intent to distribute more than 5 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841; and count 3, possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The probation office prepared a presentence report, and Galindo filed a motion for downward departure. The court denied the motion. On May 19, 2008, the court sentenced Galindo to 108 months on count 1, and 5 years on count 3, to run consecutive to count 1. Galindo did not file a direct appeal.

II.  Motion to Vacate, Set Aside, or Correct Sentence

1

Galindo raises numerous claims of ineffective assistance of counsel in his motion. Galindo argues ineffective assistance of counsel for failure to file a notice of appeal, failure to file a motion to suppress, failure to provide a Spanish translator for the plea agreement, and that counsel was ineffective for filing a downward departure in violation of the plea agreement. The Government filed a response, arguing that the motion is untimely and should be dismissed. The Government further argues Galindo has not stated grounds for tolling the one year period of limitations.

III. Antiterrorism and Effective Death Penalty Act of 1996

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one year limitation period applies to a section 2255 motion. 28 U.S.C. § 2255(f). The limitation period runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Equitable tolling of the statute of limitations excuses an untimely filing. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Excusable neglect is not sufficient. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). A petitioner seeking the benefit of equitable tolling "must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." Fleming v. Evans, 481 F.3d 1249, 1257 (10th Cir. 2007). In this case, because Galindo did not appeal his sentence, his judgment of conviction became final ten days later, when his claim could no longer be subject to appellate review. United States v. Michel-Galaviz, 163 Fed.Appx 743, 745 (D.Utah 2006); Fed.R.App.R. 4(b)(1)(A)[1]. The judgment was filed on May 27, 2008, therefore,

---

[1] The time to file an appeal is now 14 days, however, at the time of the defendant's conviction, the time was 10 days. See Fed.R.App.R. 4.

2

Galindo's sentence became final ten days later, or on June 10, 2008. The one year period of limitations ran on June 10, 2009. Galindo filed his section 2255 motion on May 27, 2010, a year after the period of limitations.

Galindo acknowledges his motion is filed out of time. Galindo requests the time limitation should be tolled for a number of reasons. First, Galindo argues he asked his attorney to file a notice of appeal and the appeal was never filed; he did not have access to law books in the Spanish language, he did not have access to a Spanish speaking law clerk, he did not have access to information on the appeal process in Spanish, and he received bad advice from a jailhouse lawyer.

Galindo's arguments do not support a finding that the limitation period be tolled. The Tenth Circuit has found that a claim of insufficient access to relevant law, such as the AEDPA, is not enough to support equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert denied, 525 U.S. 891, 142 L.Ed.2d 173, 119 S.Ct. 210 (1998). Furthermore, the petitioner's lack of knowledge of the AEDPA's statute of limitations is insufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Language deficiencies do not support a finding of exceptional circumstances. Yang v. Archuleta, 525 F.3d 925, 929-30 (10th Cir. 2008). Finally, any delays caused by prison inmate law clerk and law library closures does not justify equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Galindo's argument that he asked his attorney to file a notice of appeal, but his attorney did not follow his instruction, warrants additional analysis. Although this claim is also barred by the one year period of limitations, the court notes that if this claim were true, it would be a per se Strickland violation. United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). In Snitz,

3

the Court found that "a lawyer who disregards specific instruction to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." Id. at 1155-56.

In United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005), the Tenth Circuit discussed the responsibility of counsel to file an appeal when the defendant waived the right to appeal and collaterally attack the sentence and conviction. Garrett argued that he asked his counsel to filed a notice of appeal. His attorney testified that Garrett did not ask for an appeal. The Court found that a criminal defendant is entitled to a delayed appeal if he can establish that he asked his attorney to file an appeal and the attorneys ignored the request, even if the defendant accepted a plea agreement waiving appeal of his conviction and sentence. Id. at 1265, 1266. The Court reviewed the Supreme Court case in which it held that when a defendant asks his attorney to file an appeal and the attorney fails to follow the instruction, the attorney acts in a manner that is professionally unreasonable. Id. at 1265, citing Roe v. Flores-Ortega, 528 U.S. 470, 477-78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

More recently, in United States v. Harrison, 2010 WL 1225617 (10th Cir. March 31, 2010), the Tenth Circuit affirmed the dismissal of a section 2255 petition, agreeing with the district court that a petitioner must provide some credible testimony that he requested his attorney file an appeal, and his attorney ignored it. The Court relied on Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), in which the Supreme Court found that it did not seek "to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of §

4

2255 does not strip the district courts of all discretion to exercise their common sense." Id. at 2. Finally, the Court in Harrison found that a habeas petitioner is not "automatically entitled to an evidentiary hearing merely because he makes a bald allegation that his attorney refused to file an appeal."

Even if Galindo's claim that his counsel was ineffective when he failed to file a direct appeal was not barred by the one year imitation period, the court would not grant a hearing on this issue. Galindo has failed to assert more than a bare claim that he requested his attorney to appeal. Galindo must allege credible testimony and specific facts to support his claim. Galindo has not done so here.

IV. In Forma Pauperis

Galindo has filed a motion to proceed in forma pauperis. Galindo has provided the appropriate documentation to the court. The court has reviewed the application and finds that Galindo is indigent, and should therefore be allowed to proceed in forma pauperis.

V. Conclusion

IT IS FURTHER ORDERED Galindo's Motion for Leave to Proceed in forma pauperis (Doc. 39) is GRANTED.

IT IS THEREFORE ORDERED Galindo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 38) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this 27th day of August, 2010.

s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge