IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,            )
                                 )
      v.                          )          Case No. 07-10199-WEB
                                 )
MARTIN GALINDO,                   )
                                 )
            Defendant.            )
_____    )

MEMORANDUM AND ORDER

The Defendant, Martin Galindo, has filed a Motion for Leave to Appeal in Forma

Pauperis, (Doc. 45), and a Motion for a Certificate of Appealability.  (Doc. 46).

I.  History

The Defendant was indicted on numerous drug distribution charges and numerous

firearm charges.  The Defendant entered into a plea agreement, and pleaded guilty to count 1,

possession with the intent to distribute more than 5 grams of a mixture or substance containing

methamphetamine, in violation of 21 U.S.C. § 841; and count 3, possession of a firearm in

relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Prior to sentencing, the

Defendant filed a motion for downward departure.  The court denied the motion.  On May 19,

2008, the court sentenced the Defendant to 108 months on count 1, and 5 years on count 3, to run

consecutive to count 1.  The Defendant did not file a direct appeal.  However, the Defendant

filed a Motion to Vacate under 28 U.S.C. § 2255.  The court denied the motion.  The Defendant

has filed a notice of appeal with the Tenth Circuit.

II.  Discussion

"A certificate of appealability may issue... only if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The defendant must

demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n. 3 (10th Cir. 2004). The Defendant argued in his Section 2255 motion that his counsel was ineffective for failure to file a notice of appeal, failure to file a motion to suppress, failure to provide a Spanish translator for the plea agreement, and counsel was ineffective for filing a downward departure in violation of the plea agreement.

The Defendant waived his right to file an appeal or motion to vacate in the plea agreement. However, a claim of ineffective assistance of counsel in refusing to file an appeal cannot be waived. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Defendant argues in the motion that the district court abused its discretion by not holding an evidentiary hearing, and his trial counsel was ineffective by not filing a notice of appeal.

In United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005), the Court found that even when a defendant waives his right to appeal and collaterally attack his sentence, "the waiver does not foreclose all appellate review of his conviction and sentence." Id. at 1266-67. The Court found that if the defendant asks his counsel to file a notice of appeal, and counsel does not abide by the request, he will be entitled to a delayed request, regardless if it appears the appeal would have any merit. Id.

This court ruled that the Defendant's Section 2255 motion was filed out of time, and the statute of limitations was not tolled. Therefore, the Defendant's claims were barred. However, the court addressed the Defendant's claims out of an abundance of caution. Because reasonable jurists may find the district court's assessment on whether the Defendant requested his attorney file a notice of appeal debatable, the Defendant's motion for a certificate of appealability is

granted.

The Defendant also requests the court allow him to proceed in forma pauperis. A review

of the record shows that the Defendant was granted leave to file IFP in his motion to vacate. The

Defendant provided the necessary paperwork for the court to find that pursuant to Fed. R. App.

P. 24(a), the Defendant qualifies for in forma pauperis status. The court also finds that the

Defendant's appeal is taken in good faith. See Coppedge v. United States, 369 U.S. 438, 448, 82

S.Ct. 917, 8 L.Ed.2d 21 (1962).

III. Conclusion

IT IS THEREFORE ORDERED the Defendant's Motion for Leave to Appeal in Forma

Pauperis, (Doc. 45) is GRANTED.

IT IS FURTHER ORDERED the Defendant's Motion for a Certificate of Appealability

(Doc. 46) is GRANTED.

IT IS SO ORDERED on this 10th day of December, 2010.


   s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge